UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

NOREEN CONNOLLY,

   Plaintiff,

   v.

COURTNEY C. SMITH, et al.,

   Defendants.

Case No. 2:24-CV-176-GSL-AZ

## OPINION AND ORDER

Before this Court is Plaintiff's Motion for Waiver of Fees [DE 2], which the Court construes as a Motion to Proceed In Forma Pauperis. For the reasons set forth below, the Court denies Plaintiff's Motion [DE 2] and, as to Defendant Smith, dismisses the Complaint [DE 1] without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As to Defendant Rokita, the Complaint is dismissed with prejudice. Plaintiff is granted leave to file an amended complaint, and either refile her motion to proceed in forma pauperis using the Court's form or pay the statutory filing fee subject to the Court's instructions below. If Plaintiff fails to amend her Complaint within the time allowed, or properly move to proceed in forma pauperis, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, Plaintiff files a Motion for Waiver of Fees [DE 2], but taken together the Motion and Complaint do not provide enough information

for the Court to discern her ability to pay the filing fee. Plaintiff's Motion for Waiver of Fees [DE 2] is denied. Plaintiff is given leave to refile it with more information, and the Court encourages her to use Form AO 239 (INND).[1]

When reviewing a Motion to Proceed In Forma Pauperis, the Court must also examine whether the underlying action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). The standard for dismissing a complaint under § 1915(e)(2)(B)(ii) is the same standard as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). For federal courts to have jurisdiction over claims, the claims must either (1) arise under the Constitution or implicate federal law, or (2) there must be diversity jurisdiction, i.e., no plaintiff or defendant is a citizen of the same state, and the claimed damages exceed $75,000. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); 28 U.S.C. § 1332(a).

Here, Plaintiff filed suit against Courtney C. Smith, an attorney, and Indiana Attorney General Todd Rokita. [DE 1]. It appears that Defendant Smith was appointed to represent Plaintiff in divorce and child support proceedings pursuant to Indiana's Title IV-D. [*Id.*]. Under

---

[1] The Form may be accessed at this link: https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

Section 1983, Plaintiff claims that Defendant Smith (1) violated her Fifth, Sixth, and Fourteenth Amendment rights, (2) intentionally caused Plaintiff emotional distress, and (3) violated the Indiana Rules of Professional Conduct. [*Id.*]. Plaintiff is suing for injunctive relief, compensatory damages, punitive damages, legal fees and costs, and sanctions against Defendant Smith. [*Id.*]. It appears that when Plaintiff filed this action, she simultaneously sent the Complaint to the parties. This prompted Defendant Rokita to file a Motion to Dismiss [DE 7] before Plaintiff was granted leave to proceed in forma pauperis.

As a threshold matter, this action is dismissed with prejudice as to Defendant Rokita. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Here, Plaintiff mentions Defendant Rokita one time: in the case caption. None of the allegations in the Complaint, even read liberally, appear to implicate the Attorney General or his office. The Court does not reach Defendant Rokita's Motion to Dismiss, so it is moot.

As to Defendant Smith, the Complaint is dismissed without prejudice, and Plaintiff is given leave to refile. In the Complaint, Plaintiff alleges that Defendant Smith surreptitiously recorded their first conversation and shared it without Plaintiff's knowledge or consent. [DE 1]. Plaintiff also asserts that Defendant Smith (1) was working with Mindy Heidel, the attorney for Andrew Wellwerts (Plaintiff's ex-husband), to Plaintiff's detriment, (2) demanded that Plaintiff make payments to Wellwerts, (3) failed to obtain discovery from Wellwerts, and (4) failed to argue to the court that Wellwerts lied on his child support worksheet. [*Id.*]. Per the Complaint, these actions by Defendant Smith are the reason that Plaintiff was not awarded child support.

As stated above, the Court shall dismiss an action brought with an in forma pauperis motion if it fails to state a claim under which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Plaintiff sets forth specific facts that express her displeasure with Defendant Smith's representation, but they do not support the causes of action Plaintiff sets forth. The Fifth and Sixth Amendment rights to counsel are for criminal defendants to invoke, and Plaintiff's Fourteenth Amendment claim is unclear. Her intentional infliction of emotional distress claim is a state law tort, and Plaintiff has not alleged facts sufficient to establish this Court's jurisdiction. Finally, the Court is unaware of a federal claim for an attorney's violation of their state's rules of professional conduct.

## CONCLUSION

Plaintiff's Motion for Waiver of Fees [DE 2] is **DENIED**. As to Defendant Rokita, the Complaint [DE 1] is **DISMISSED WITH PREJUDICE**. Defendant Rokita's Motion to Dismiss [DE 6] is **MOOT**. As to Defendant Smith, the Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint asserting recognizable claims that fall within this Court's jurisdiction. She is granted leave to either (1) refile her motion to proceed in forma pauperis using the Court's form, or (2) the pay statutory filing fee. Plaintiff has until August 1, 2024, to submit these filings. If Plaintiff fails to timely amend her Complaint, or properly move to proceed in forma pauperis, the Clerk of Court will be directed to close this case without further notice to Plaintiff.

SO ORDERED.

ENTERED: July 18, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court